CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 26, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **GERALD WAYNE HUBBARD,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:24CV00015 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CRAIG P. TILLER,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Gerald Wayne Hubbard, Pro Se Petitioner.*

The petitioner, Gerald Wayne Hubbard, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under the judgment entered in 2004. After review of the record, I conclude that the petition must be summarily dismissed as untimely filed under 28 U.S.C. § 2244(d).

According to Hubbard's submissions and state court records online, he pleaded guilty in February 2004 in the Circuit Court for the City of Lynchburg to charges of second-degree murder, use of a firearm, and possession of a firearm as a convicted felon. On March 26, 2004, the Circuit Court sentenced Hubbard to forty-eight years in prison. He did not appeal.

The records indicate that in April 2006, Hubbard filed habeas corpus petitions that were separately docketed, but were apparently considered together.

The circuit court denied the petitions on August 10, 2006. Hubbard appealed. The Supreme Court of Virginia dismissed his appeal for procedural reasons on January 31, 2007.

State court records also indicate that in September 2023, Hubbard filed another state habeas petition in the Circuit Court. That petition was dismissed in December 2023. Hubbard did not appeal that disposition.

Hubbard's initial federal habeas petition did not provide sufficient information about his claims and was not signed. The court issued an Order in January 2024, directing him to complete a § 2254 form, provide information about his criminal post-conviction proceedings, and state his claims and the facts supporting those claims. Hubbard then submitted an Amended § 2254 Petition, ECF No. 9.

Liberally construed, Hubbard alleges the following grounds for relief in his federal habeas petition: (1) trial counsel was ineffective for failing to complete an investigation of another possible murder suspect who was not charged; (2) counsel advised Hubbard to plead guilty, when a new indictment should have been issued against Hubbard and another individual; (3) counsel was generally unprofessional and allowed Hubbard to plead guilty to possession of a firearm as a convicted felon without requiring the prosecution to fully prove the offense; and (4) counsel did not ensure a fair guilty plea process by failing to investigate another suspect and

evidence about the gun so that Hubbard could have bargained for a lighter sentence. This court notified Hubbard that his § 2254 petition appeared to be untimely filed and granted him an opportunity to provide any additional evidence or argument on that issue. He then filed two responses that I have considered, ECF Nos. 8 and 9.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. 28 U.S.C. § 2244(d)(1)(A). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

I will calculate the timeliness of Hubbard's petition using the date of the state court's judgment of conviction that he provides, March 26, 2004. From that date, Hubbard had thirty days to note an appeal to the Court of Appeals of Virginia. Va. Code Ann. § 8.01-675.3. When he did not pursue an appeal, his conviction became final for purposes of § 2244(d)(1)(A), and his one-year period to file a § 2254 petition began to run, on April 26, 2004. The filing period expired on April 26, 2005. Hubbard did not file his § 2254 petition until January 5, 2024,

at the earliest, more than eighteen years after his federal filing period expired.[1] Thus, the petition is untimely under § 2244(d)(1)(A).

The federal filing period is tolled while any properly filed state post-conviction proceeding is pending, pursuant to 28 U.S.C. § 2244(d)(2). But Hubbard fails to meet its tolling requirements. He filed his state habeas petitions in in April 2006 and in September 2023. Even assuming any of these petitions was properly filed under state procedural rules, Hubbard did not file any of them until after the federal filing period expired in April 2005. Therefore, pendency of these state petitions could not toll the running of that filing period.

Hubbard also does not state any facts suggesting that he is entitled to statutory tolling of the limitation period under subsections § 2244(d)(1)(B), (C), or (D), to start the one-year filing period later if he raised a claim based on new Supreme Court precedent, elimination of a constitutional impediment, or newly discovered facts. Similarly, he fails to argue or show facts supporting any ground on which he can invoke equitable tolling of the limitation period.

Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party." *Rouse v. Lee*, 339 F .3d 238,

---

[1] For purposes of this Opinion, I will consider the petition to have been filed as of the date on which the court received and docketed Hubbard's unsigned initial petition. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

246 (4th Cir. 2003) (internal quotation marks and citation omitted). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). When the failure to file a timely petition is a result of petitioner's own negligence or lack of diligence, equitable tolling is not appropriate. Hubbard offers no evidence of extraordinary circumstances that prevented him from filing a timely § 2254 petition. Accordingly, I find no basis for invoking equitable tolling.

Using the dates on the face of Hubbard's Amended § 2254 petition and state court records available online, I conclude that his habeas claims were not timely filed under § 2244(d)(1)(A). Moreover, Hubbard has not stated facts warranting statutory or equitable tolling of the federal habeas filing period. Therefore, I will summarily dismiss his § 2254 petition as untimely.

A separate Final Order will be entered herewith.

DATED:   April 26, 2024

/s/  JAMES P. JONES
Senior United States District Judge